**Judge Hellerstein**

08 CV 03447



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
BAOYUEDA SHIPPING CO., LTD.,

       Plaintiff,

 - against -

ETERNAL TRADING AND INTERNATIONAL
SHIPPING INC. a/k/a ETERNAL SHIPPING & INT'L
TRADING INC. or ETERNAL SHIPPING AND INT'L
TRADING,

       Defendant.
------------------------------------------------------------------X

## VERIFIED COMPLAINT

  Plaintiff, BAOYUEDA SHIPPING CO., LTD. (hereinafter referred to as "Plaintiff"), by and through its attorneys, Lennon, Murphy & Lennon, LLC, as and for its Verified Complaint against the Defendant, ETERNAL TRADING AND INTERNATIONAL SHIPPING INC. a/k/a ETERNAL SHIPPING & INT'L TRADING INC. or ETERNAL SHIPPING AND INT'L TRADING (hereinafter referred to as "Defendant"), alleges, upon information and belief, as follows:

  1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333. This claim involves the breach of maritime contract of charter. This matter also arises under the Court's federal question jurisdiction within the meaning of 28 United States § 1331 and the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards (9 U.S.C. § 201 *et seq.*) and/or the Federal Arbitration Act (9 U.S.C. § 1 *et seq.*).

2. At all times material to this action, Plaintiff was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law and was at all material times the owner of the motor vessel "BAO YUE DA" (hereinafter the "Vessel").

3. Upon information and belief, Defendant was, and still is, a foreign corporation, or other business entity, organized under, and existing by virtue of foreign law, and was at all material times the Charterer of the Vessel.

4. By a charter party dated November 14, 2007 Plaintiff chartered the Vessel to Defendant for the carriage of "Cargo 65,000 mts 10 pct moloo coal in bulk stw abt 47' wog in accordance with draught restriction at load port."

5. Plaintiff delivered the Vessel into the service of the Defendant and fully performed all duties and obligations under the charter party.

6. A dispute arose between the parties regarding Defendant's failure to pay demurrage[1] and freight costs due and owing to Plaintiff under the charter party contract.

7. As a result of Defendant's breach of the charter party due to its failure to pay demurrage and freight costs, Plaintiff has sustained damages in the total principal amount of $300,625.00, exclusive of interest, arbitration costs and attorneys fees.

8. Despite due demand, Defendant has failed to pay the amounts due and owing under the charter party. Attached hereto as Exhibit "1" is a copy of Plaintiff's invoice.

9. Pursuant to the charter party, disputes between the parties are to be submitted to arbitration in London with English law to apply.

10. Plaintiff will commence arbitration after the commencement of this action and jurisdiction is obtained over Defendant.

11. This action is brought in order to obtain jurisdiction over Defendant and also to obtain security for Plaintiff's claims and in aid of arbitration proceedings.

12. Interest, costs and attorneys' fees are routinely awarded to the prevailing party under English Law. Section 63 of the English Arbitration Act of 1996 specifically allows for recovery of these items as part of an award in favor of the prevailing party. As best as can now be estimated, Plaintiff expects to recover the following amounts at arbitration as the prevailing party:

|   |   |   |
|---|---|---|
| A. | Principal claim – Demurrage: | $251,250.00 |
|   | Freight: | $ 78,750.00 |
|   | Total | $330,000.00 |
|   | Less payment made: | ($ 29,375.00) |
|   | Total Principal Claim: | $300,625.00 |
| B. | Estimated interest on claim - 3 years at 7.5% compounded quarterly: | $ 75,070.99 |
| C. | Estimated arbitration costs: | $ 20,000.00 |
| D. | Estimated attorneys' fees and expenses: | $ 60,000.00 |
| **Total:** | | **$455,695.99** |

13. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court,

---

[1] Demurrage is a liquidated damage for delay set forth in the charter party that requires a charterer to pay to owner when the vessel is prevented from the loading or discharging of cargo within the stipulated laytime (i.e., the maximum time permitted in the charter party for cargo operations – here defined by the charter party as $60,000.00 per day, pro rata.)

held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

14. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching, *inter alia*, any assets of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant and to secure the Plaintiff's claim as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint failing which default judgment be entered against it;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$455,695.99** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held, received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C.  That the Court retain jurisdiction to compel the Defendant to arbitrate in accordance with the United States Arbitration Act, 9 U.S.C. § 1 *et seq.*;

D.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof;

E.  That this Court recognize and confirm any arbitration award(s) or judgment(s) rendered on the claims set forth herein as a Judgment of this Court;

F.  That, in the alternative, this Court enter Judgment against the Defendant for the claims set forth herein;

G.  That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

H.  That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated:   Southport, CT
         April 8, 2008

> The Plaintiff,
> BAOYUEDA SHIPPING CO., LTD.
>
> By: _____
> Nancy R. Peterson
> Patrick F. Lennon
> Coleen A. McEvoy
> LENNON, MURPHY & LENNON, LLC
> 420 Lexington Avenue, Suite 300
> New York, NY 10170
> (212) 490-6050 - phone
> (212) 490-6070 - facsimile
> nrp@lenmur.com
> pfl@lenmur.com
> cam@lenmur.com

## ATTORNEY'S VERIFICATION

State of Connecticut  )
                      )  ss.:  Town of Fairfield
County of Fairfield   )

1. My name is Nancy R. Peterson.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an attorney in the firm of Lennon, Murphy & Lennon, LLC attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on behalf of the Plaintiff.

Dated:   Southport, CT
         April 8, 2008

                                    _____
                                    Nancy R. Peterson

# EXHIBIT 1

# BAOYUEDA SHIPPING LTD.

| TO: ETERNAL SHIPPING & INTL TRADING INC | INVOICE NO.: BYD-0705-FF |
|---|---|
| RE: MV BAO YUE DA / - CPDD14TH/NOV/2007 | DATE : 16TH/JAN/2008 |
| PAGE(S):                    1 | |

## INVOICE

| VSL'S NAME | BAO YUE DA | UP | JINGTANG | D/P | MARMARA |
|---|---|---|---|---|---|
| FREIGHT RATE | USD    63.00 | CGOQTTY | 62,500.00 | | MT |
| COMM | 2.50% | DEM/DES | | | |

| | | | CR | DR |
|---|---|---|---|---|
| FREIGHT | RATE                QTTY | | | 78,750.00 |
| | USD   63.00  X     62,500.00 MT @  2% | | | |
| DEMURRAGE | USD   251,250.00 | DEMATLDGPORT | | 251,250.00 |
| DESPATCH | USD   29,375.00 | DES AT DISG PORT | 29,375.00 | |
| TOTAL | | | 29,375.00 | 330,000.00 |
| BAL DUE TO OWNERS | | | | 300,625.00 |

PLS REMIT THE SAID AMOUNT OF     USD   <u>300.625.00</u>   TO NOMINATED BANK A/C ASF
AND SEND US THE BANK SLIP IN TIME:

BANK: BANK OF COMMUNICATIONS HONG KONG BRANCH
SWIFT CODE: COMMHKHH
ADD; 20 PEDDER STREET, CENTRAL., HONG KONG.
CONTACT: MS. AU YEUNG YUK YEE.SELDA/+852-28419534
USD A/C NO: 02753293024386
IN FAVOUR OF: BAOYUAN SHIPPING CO.,LTD.
CORRESPONDENT: JPMORGAN CHASE BANK NEW YORK
SWIFT CODE: CHASUS33

